Per curiam.

The plaintiff in error was indicted for betting on the election of 1848, for electors for president and vice-president. Several reasons are urged for the reversal of the judgment, which we cannot notice. The statute which requires the clerk to take down the charges given or refused, and make them a part of the record, without bill of exceptions, does not apply to criminal cases. We therefore pass over the alleged error in this particular.
A motion was made in arrest of judgment, because the indictment does not charge that the election was holden. The indictment charges that the bet was “upon the result of a certain election to be holden on the seventh day of November, in the year of our Lord one thousand eight hundred and forty-eight, according to law in said state, for six electors, &c.” The elec *459 tion is provided for, and directed to be holden by a public law. The event was therefore sufficiently certain, and it was not necessary to charge that it had occurred. The statute on which the indictment is founded is declared to be a remedial, and not a penal statute. The object of this provision must have been to get rid of the general rule which requires that penal statutes should be construed strictly.
A new trial was moved for on the evidence. It was in proof that the parties mutually agreed that a present of a coat should be made to the defendant, if the Cass electors obtained a majority of 2000 votes, but if they did not, the defendant was to make the other party a present of a coat. This was mere evasion. It was in proof that the election was afterwards holden, and the bet was paid in money. There is no pretence for holding the verdict to be against law or evidence.
Judgment affirmed.